IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| EVANSTON INSURANCE CO., § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. SA-13-CV-1036-XR |
| § | |
| LAMPASITOS LAND LTD, § | |
| LAMPASITOS LAND LLC, EAGLE PASS § | |
| MATERIALS LP, WAYNE BRUMLEY and § | |
| MARIVEL BUENTELLO, § | |
| § | |
| *Defendants.* | |

## ORDER

On this date, the Court considered Defendants' motions to dismiss. Docs. No. 7 & 8. After careful consideration, the Court DENIES the motions.

## BACKGROUND

On November 13, 2013, Plaintiff Evanston Insurance Company ("Evanston") filed an Original Complaint in this Court seeking a declaratory judgment under 28 U.S.C §§ 2201(a) & 2202. Doc. No. 1. In August of 2010, Evanston and Defendant Lampasitos Land Ltd. ("Lampasitos") entered into the insurance policy that is the subject of this federal lawsuit. Evanston is currently defending Lampasitos in a state court action under a Reservation of Rights. Evanston seeks a declaration that it does not owe either a duty to defend or a duty to indemnify Defendants. Doc. No. 1.

Defendants Lampasitos and Marivel Buentello are adverse parties in an ongoing state court litigation that is taking place in the 293rd Judicial District Court of Maverick County,

1

Texas.[1]  The underlying state action arises out of the death of Buentello's husband, who was an independent contractor hired by Lampasitos to perform some work on its property.  *See* Doc. No. 7, Ex. 1.   The exact nature of that work, and where on the property it was performed, is disputed by the parties in this case and appears to be dispositive of Evanston's claim that they owe no duty to defend and indemnify.

On March 6, 2014, Defendants Lampasitos, Lampasitos Land LLC, Wayne Brumley and Eagle Pass Materials L.P. filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Doc. No. 7.   On that same day, Defendant Buentello individually filed a motion to dismiss.  Doc. No. 8.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While detailed factual allegations are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  However, a complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Id.* at 556.  Although the court must take all of the factual allegations in the complaint as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

---

[1] Cause No. 13-03-2870-MCV

550 U.S. at 555). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

### DISCUSSION

Defendants' primary contention is that Evanston's Original Complaint does not state a plausible claim for relief because it is based upon the factual allegations contained in a now-superseded state court pleading. Doc. No. 7. When assessing an insurer's duty to defend, Texas law applies the so-called eight corners rule. *See Pine Oak Builders Inc., v. Great Am. Lloyds Ins. Co.*, 279 S.W. 3d 650, 654 (Tex. 2009). Under this framework, the existence of a duty to defend is determined solely in reference to the facts alleged in the state court petition and the terms of the policy. *Id.* Against this backdrop, Lampasitos asserts that "Evanston relies exclusively on allegations contained in [Buentello's] Original [state court] Petition… This pleading is now superseded… and [is] therefore moot with regard to the determination of the duty to defend." Doc. No. 7 ¶ 7.

To be sure, when Evanston filed its Original Complaint in this Court, it was basing its allegation that it owed no duty to defend on the facts alleged in the then-live state court pleading. However, since Lampasitos filed this motion to dismiss, Evanston has filed an Amended Complaint in this Court that incorporates the factual allegations contained in amended state court pleading. *See* Doc. No. 13. As a result, Defendants' argument, at least with respect to the duty to defend claim, has been mooted by Evanston's Amended Complaint.

With respect to the duty to indemnify, Defendants assert that such a duty cannot be determined while the state court proceedings are ongoing, and that therefore Evanston's

complaint is not yet ripe. Doc. No. 7. ¶ 11. The Texas Supreme Court has held that "the duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify". *Farmers Texas County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (emphasis in original omitted). Here, Evanston alleges that it has no duty to defend because its policy with Lampasitos does not cover accidents such as the one that is the subject of the underlying state lawsuit. Am. Compl. ¶ 22. That same reason is why Evanston asserts that it has no duty to indemnify. *Id.* As a result, contrary to Defendants' assertion, there is a justiciable controversy between the parties with respect to the duty to indemnify.

As noted herein, Buentello has filed a separate motion to dismiss. Doc. No. 8. Buentello alleges that there is no justiciable controversy between her and Evanston because she was not insured by the policy that is the subject of this declaratory judgment action. *Id.* The U.S. Supreme Court has been clear that a potential third-party claimant such as Buentello can be a proper party to a declaratory judgment action between the insurer and the insured. *Maryland Cas. Co., v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Perhaps in recognition of this fact, Buentello, "concedes that she would be a proper party … if a justiciable controversy existed between Evanston and [Lampasitos] on the duty to indemnify." Doc. No. 8 at 10. Inasmuch as the Court has found that such a justiciable controversy between the insurer and insured exists on the duty to indemnify claim, the Court also finds that Buentello is a proper party to this action.

After reviewing Buentello's amended state court Petition in the underlying lawsuit, the Court notes that neither Defendant Brumley nor Defendant Eagle Pass Materials is listed as a party in that action. See Doc. No. 7, Ex. 1. In the federal case, Defendant Brumley has joined in Lampasitos' motion to dismiss. Doc. No. 7. Eagle Pass Materials has not. *Id.* If neither of these parties are currently litigants in the state court case, then it is unclear how they are proper parties to this declaratory judgment action. Consequently, Evanston is ORDERED to show cause in writing on or before **April 17, 2014**, explaining why a justiciable controversy exists between Evanston and these Defendants. Alternatively, to the extent that they are no longer parties to the state court action and Evanston no longer wishes to proceed against them here, Evanston may file a motion for voluntary dismissal under Rule 41 of the Federal Rules of Civil Procedure.

## CONCLUSION

In light of the foregoing analysis, Defendants have not provided sufficient justification for why Plaintiff's live pleading should be dismissed. Consequently, their motions to dismiss are DENIED.[2] Doc. No. 7 & 8. Evanston is ORDERED to show cause in writing on or before April 17, 2014, explaining why a justiciable controversy exists between Evanston and Defendants Brumley and Eagle Pass Materials.

SIGNED this 3rd day of April, 2014.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[2] This ruling is not to be construed as a ruling on the merits of Evanston's claim that it has no duty to defend or indemnify.